UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. NO. C-10-009-1 |
| | § | |
| YOEL CRESPO, | § | |
| | § | |
| Defendant/Movant, | § | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND CONSTRUED MOTION FOR LATE FILING OF NOTICE OF APPEAL

Pending before the Court is Yoel Crespo's motion requesting counsel for direct appeal mailed to the Court on October 25, 2010. (D.E. 25). The motion requesting counsel also requests copies of his plea agreement and a copy of the transcript of his sentencing.

Crespo was sentenced on June 18, 2010, to serve 70 months imprisonment with five years supervised release after his guilty plea to the charge of possession with intent to distribute approximately 2411 kilograms of marijuana. (D.E.22). The Court has construed his request for appointed counsel for appeal to be a notice of appeal (D.E. 24). Since the notice was filed 130 days after sentencing, it is untimely.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." FED. R. APP. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[1] FED. R. APP. P.

---

[1] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:
In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
    (i) the entry of either the judgment or the order being appealed; or

4(b). Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following reasoning in Bowles v. Russell, 551 U.S. 205, 211—13, 127 S.Ct. 2360(2007)). A defendant does not have a right to have his untimeliness for filing his notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006). Although the Court construes Crespo's request for appointment of counsel as a notice of appeal, which is in turn construed to include a request for extension of the time to appeal, the request is untimely. United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) ("follow[ing] our customary practice in criminal cases by treating Plascencia's late notice of appeal as a Rule 4(b)(4) motion for extension of time to file an appeal.").

For these reasons, Crespo's motion for appointment of counsel is DENIED, and Crespo's construed motion for extension of time to file his notice of appeal is also DENIED.

During the proceedings below, Crespo was furnished counsel as an indigent defendant and has remained in custody from his arrest through his conviction. (D.E. 3, 5). An indigent defendant does not have a right to documents at government expense unless the transcripts are necessary to decide a pending action and the pending action is not frivolous. See 28 U.S.C. § 753(f) (in order to be entitled to transcripts, an indigent defendant must establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); see also United States v. Herrera, 474 F.2d 1049, 1049—50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

---

     (ii) the filing of the government's notice of appeal.
Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Crespo's request for these documents is in connection with his request for counsel and his construed notice of appeal (D.E. 24); because of the Court's disposition of those requests, Crespo has no pending action before the Court. His request for the sentencing transcript and other documents is DENIED without prejudice.

ORDERED this 8th day of November, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE